UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SHANE BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-47 CAS |
| | ) | |
| DON FELTMANN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant Don Feltmann's Motion for Modification of the Case Management Order or, in the Alternative, for Sanctions for Plaintiff's Failure to Attend His Own Deposition, and on plaintiff's Motion for Protective Order.[1]

**Defendant's Motion**

Defendant's motion states that plaintiff failed to attend his deposition noticed for July 2, 2014 at 3:00 p.m., and did not notify defendant's counsel of his nonappearance until 1:00 p.m. on the same date. Discovery in this case closed on July 3, 2014. See Doc. 13. Defendant asks the Court to extend the discovery and dispositive motion deadlines to permit him to take plaintiff's deposition. In the alternative, defendant asks the Court to dismiss this action with prejudice based on plaintiff's failure to appear at his deposition. Defendant also asks for his costs and attorney's fees pursuant to Rule 37(d)(3), Federal Rules of Civil Procedure.

---

[1]Although the Court normally issues rulings on discovery motions only at its monthly discovery motion docket, it makes an exception in this case for purposes of judicial efficiency, given the need to complete discovery in a timely manner considering the impending trial date.

After careful consideration, the Court will grant defendant's motion to modify the Case Management Order, but will extend the discovery deadline to August 29, 2014 and the dispositive motion deadline to September 19, 2014, and continue the trial date to January 12, 2015.

The Court will deny defendant's alternative motion to dismiss the case with prejudice, as it finds plaintiff's failure to appear for his deposition was not deliberate or in bad faith. Plaintiff's counsel avers that plaintiff would have lost his job if he had attended the deposition, and that in scheduling the 3:00 p.m. deposition, plaintiff's counsel had mistakenly believed plaintiff could leave work early. Further, plaintiff tried to notify his counsel on the evening of July 1, 2014 that he could not attend the deposition on July 2, 2014, but because of communication difficulties, plaintiff and his counsel were unable to speak until approximately noon on July 2, 2014, the day of the scheduled deposition. In addition, defendant's deposition was scheduled for 1:00 p.m. on July 2, 2014 at the same location as plaintiff's scheduled deposition, and that deposition went forward. Dismissal with prejudice is far too extreme a sanction for plaintiff's nonappearance to be appropriate in this circumstance. See Bergstrom v. Frascone, 744 F.3d 571, 576 (8th Cir. 2014) (discussing standards for dismissal as a discovery sanction).

Defendant's request for attorney's fees will also be denied. Pursuant to Rule 37(d), the moving party may recover from a party who fails to attend a properly noticed deposition "the reasonable expenses, including attorney's fees, *caused by the failure*." Fed. R. Civ. P. 37(d)(3) (emphasis added). Here, defendant has requested more than the expenses he incurred as a result of plaintiff's failure to attend his deposition, which appear to be limited to a $50.00 court reporter fee

for the record of non-appearance that defendant's counsel chose to order.[2] Defendant's request for fees includes time spent "researching, evaluating, discussing, responding to and otherwise attempting to remediate Plaintiff's failure to attend his own deposition, including but not limited to the preparation of" the instant motion, plaintiff's response thereto, and researching and drafting his reply memorandum. These costs were incurred because defendant elected to take a particularly aggressive response to plaintiff's failure to appear, which the Court finds was not warranted under the circumstances. Further, because defendant's deposition was taken on the same day, defendant's counsel was not put to additional expense merely because plaintiff did not appear. See Ranger Transportation, Inc. v. Wal–Mart Stores, 903 F.2d 1185, 1188 (8th Cir. 1990) (declining to award expenses incurred preparing for an aborted deposition, holding that movant incurred no recoverable expenses upon nonmoving party's failure to attend deposition, where movant was able to take other depositions the same day).

**Plaintiff's Motion**

Plaintiff's motion for a protective order asks that defendant be prohibited from propounding the same or similar questions to plaintiff during his deposition on the same topics that were covered in plaintiff's deposition taken on October 30, 2013 in a separate case, Bailey v. Davis, No. 4:12-CV-2016 JCH (E.D. Mo.), that was voluntarily dismissed without prejudice in December 2013.

---

[2]The Court will not order reimbursement for the court reporter fee, where the record of non-appearance reflects that defense counsel stated counsel had agreed to ask the Court for a continuance of the discovery and dispositive motion deadlines, Record of Non Appearance at 4 (Def.'s Ex. A), and reserved the right to seek other relief only in the event the deadlines were not extended and Mr. Bailey's deposition could not be taken. In addition, the court reporter was already present for the defendant's deposition at 1:00 p.m. Under these circumstances, an award of expenses would be unjust.

This aspect of plaintiff's motion will be denied. This is a separate case in which plaintiff asserts different claims than he asserted in the first Bailey case. Defendant Feltmann was not a party to the other action. Defendant Feltmann has the right to examine plaintiff concerning the facts and claims asserted in this action. The fact that the same law firm represented the defendants in the first Bailey case offers no support for plaintiff's motion.

Plaintiff also asks that the Court order his deposition to take place either at 4:45 p.m. on any weekday, or at 3:00 p.m. upon two weeks' prior notice, to accommodate his work schedule. Although defendant objects, the Court finds this limitation is reasonable and warranted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's Motion for Modification of the Case Management Order or, in the Alternative, for Sanctions for Plaintiff's Failure to Attend His Own Deposition is **GRANTED** to the extent the Case Management Order will be modified, and **DENIED** as to the alternative motion for sanctions. [Doc. 15]

**IT IS FURTHER ORDERED** that the Case Management Order is **modified** to the extent that the parties shall complete all discovery in the case by **August 29, 2014**, any dispositive motions shall be filed by **September 22, 2014**, and the trial is set on the three-week docket beginning **January 12, 2015**. The final pretrial conference will be held January 8, 2015. The Case Management Order of February 4, 2014, as amended by the Order of June 20, 2014, otherwise remains in full force and effect except as modified herein.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Protective Order is **GRANTED** to the extent that plaintiff's deposition shall be scheduled on any weekday at 4:45 p.m., or at 3:00 p.m. upon two weeks' prior notice, and **DENIED** in all other respects. [Doc. 20]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  25th  day of July, 2014.